UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1287 FMO (JEMx) | Date | **March 7, 2017** |
|---|---|---|---|
| Title | **Unicolors, Inc. v. Gill Leather Fashions, Inc., et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff: | | Attorney Present for Defendants: |
| None Present | | None Present |

**Proceedings:**     (In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue

    On February 16, 2017, plaintiff Unicolors, Inc. ("plaintiff") filed a Complaint against defendants Gill Leather Fashions, Inc., Ivanka Trump Marks II LLC, and The TJX Companies, Inc. ("defendants") alleging direct and contributory / vicarious copyright infringement. (See Dkt. 1, Complaint at ¶¶ 23-39). Plaintiff alleges that the court has subject matter jurisdiction because this case arises out of a violation of federal law. (See id. at ¶ 1). Plaintiff further alleges that venue is proper because "this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred." (Id. at ¶ 3).

    "In copyright infringement actions, venue is proper 'in the district in which the defendant . . . resides or may be found.'" Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1126 (9th Cir. 2010) (quoting  28 U.S.C. § 1400(a)).  A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014).  General jurisdiction applies when defendants' contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 761 (quotation and alteration marks omitted).  The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met:  "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).  The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases.  See id.  The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014).  "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

    Here, plaintiff states that its investigation has "revealed that garments comprised of fabric bearing the Subject Design were being offered for sale, garments which were manufactured and/or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-1287 FMO (JEMx)** | Date | **March 7, 2017** |
|---|---|---|---|
| Title | **Unicolors, Inc. v. Gill Leather Fashions, Inc., et al.** | | |

imported under the direction of the Defendants, and each of them." (See Dkt. 1, Complaint at ¶ 17). Defendants are non-residents, (see id. at ¶¶ 5-7), and plaintiff only alleges that defendants "do[] business in California[.]" (Id. at ¶¶ 5-7). However, "merely 'doing business' in a forum" is insufficient for purposes of general jurisdiction or specific jurisdiction. See Unicolors Inc. v. Myth Clothing Co., Inc., 2016 WL 738289, *4-5 (C.D. Cal. 2016). Plaintiff has otherwise not alleged any specific contacts between defendants and the state of California or how its causes of action arise out of or relate to those contacts. (See, generally, Dkt. 1, Complaint). Finally, plaintiff's assertion that defendants have distributed or sold infringing garments through an "online website[,]" (see id. at ¶ 25), is also insufficient. See Mission Trading Co., Inc. v. Lewis, 2016 WL 6679556, *3 (N.D. Cal. 2016) (maintenance of a passive website, alone, cannot satisfy specific jurisdiction); Asmodus, Inc. v. Ou, 2016 WL 7049244, *2 (N.D. Cal. 2016) ("the allegations do not establish that a substantial part of the events underlying the claims occurred here . . . the allegations do not establish that any of the defendants named in the copyright infringement claim are amendable to personal jurisdiction" in the district).

Accordingly, IT IS ORDERED that no later than **March 17, 2017**, plaintiff shall show cause in writing why this action should not be dismissed for lack of personal jurisdiction or transferred for lack of proper venue. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |